NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7030

ROBERT B. WISTER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: October 5, 2006

_____

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Robert B. Wister appeals the decision of the United States Court of Appeals for Veterans Claims, which affirmed a Board of Veterans' Appeals decision denying his claim for service connection for Lyme disease. Wister v. Nicholson, No. 04-324 (Vet. App. Sept. 20, 2005). We vacate and remand.

The Secretary of Veterans Affairs has a duty to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim."

38 U.S.C. § 5103A(a)(1). This duty expressly requires the Secretary to "make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain." Id. § 5103A(b)(1); see also id. § 5103A(c)(1) (requiring the Secretary to obtain a claimant's service medical records).

Wister argues that the Department of Veterans Affairs ("VA") breached its duty to assist him by not obtaining relevant documents from the Air Force, particularly Service Medical Records from November 6, 1952 to March 3, 1953. During this period, Wister was hospitalized and treated at two Air Force hospitals. The record suggests that some documents from this period were obtained. However the government concedes that the records were incomplete. In particular, the government has stated that the record did not include the daily treatment or clinical records for most of that period. In addition, there is no indication that the VA determined that they do not exist or would be futile to obtain.

Nonetheless, the Veterans Court held that the VA fulfilled its duty to assist Wister. In doing so, the Veterans Court noted that the VA had requested records from at least ten providers on a list submitted by Wister, advised him of the release forms still needed, and advised him of documents not received. Wister, No. 04-324, slip op. at 8. It then concluded that there "appears to be no other 'relevant records' specifically identified by Mr. Wister that VA did not attempt to obtain." Id. The government earlier requested a remand for a determination of whether the duty to assist was satisfied in light of these documents not being obtained and the record being unclear as to whether the VA ever requested them from the Air Force. A judge of this court denied that

motion, determining that the argument was best presented in the government's brief on the merits. Wister v. Nicholson, No. 2006-7030 (Fed. Cir. Apr. 5, 2006) (Order). Having now reviewed the issue in its entirety, we agree that remand is proper.

First, despite the court having a nearly two thousand-page record before it and the VA having obtained records from ten providers, the duty to assist is not measured by the bulk of the information obtained. Indeed, compiling a voluminous record does not obviate the need for, nor satisfy the VA's duty to provide, a complete record.

Second, in addressing the merits of his claim, the Veterans Court noted that Wister "does not contend that the [missing] records contain a diagnosis of Lyme disease; rather he believes the records contain other diagnoses or symptoms consistent with Lyme disease." Wister, No. 04-324, slip op. at 8. Putting aside the obvious fact that Wister would not know the contents of the documents that the VA failed to obtain, the VA is obligated to obtain them unless "no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2). Thus, the Veterans Court applied an incorrect standard by concluding that there are "no other 'relevant records.'" Instead the standard set forth in section 5103A(a)(2) must be applied. In addition, this correct standard should be applied in light of the government's previous motion for a remand, which candidly stated that even if the documents do not contain a Lyme disease diagnosis, they "may be relevant if they contain other diagnoses or symptoms consistent with Lyme disease."

Moreover, when the VA "attempts to obtain records from a Federal department or agency under this subsection or subsection (c), the efforts to obtain those records shall continue until the records are obtained unless it is reasonably certain that such records

do not exist or that further efforts to obtain those records would be futile." <u>Id.</u> § 5103A(b)(3). Since the requested records were not obtained and the record does not indicate if any attempts were made to obtain them, we remand for compliance with the duty to assist.

In light of our remand, we do not address the denial of his service connection claim on the merits. Indeed, to the extent that Wister challenges the application of the law to his factual case, we lack jurisdiction. 38 U.S.C. § 7292(d)(2). Wister also has requested the case be transferred to district court for a jury trial. However, a party "in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." <u>Lehman v. Nakshian</u>, 453 U.S. 156, 168 (1981). Here, the statutory scheme provides the Veterans Court with exclusive jurisdiction to review board decisions, 38 U.S.C. § 7252(a)-(b), thereby precluding the availability of a jury trial.